Case 5:23CV114 JHM

**FILED**
JAMES J. VILT, JR. - CLERK

AUG 21 2023

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

AO 241 (Rev. 10/07)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Western District |
|---|---|
| Name (under which you were convicted): Brandon Harris | Docket or Case No.: 18-CR-00324 / 19-CR-00278 |
| Place of Confinement: Eastern Kentucky Correctional Complex | Prisoner No.: 150205 |
| Petitioner (include the name under which you were convicted) Brandon Harwel-Harris | Respondent (authorized person having custody of petitioner) Commonwealth of Kentucky |
| The Attorney General of the State of Kentucky | Daniel Cameron |

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   Christian County Circuit Court
   100 Justice Way
   Hopkinsville, KY 42240

   (b) Criminal docket or case number (if you know): 18-CR-00324 / 19-CR-00278

2. (a) Date of the judgment of conviction (if you know): September, 18th 2019

   (b) Date of sentencing: January 8th 2020

3. Length of sentence: 15 years

4. In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:
   : Trafficking in a Controlled Substance, First Degree, First Offense Cocaine > 4 grams.
   : Persistent Felony Offender; First Degree

6. (a) What was your plea? (Check one)
   ☒ (1) Not guilty      ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty          ☐ (4) Insanity plea

AO 241 (Rev. 10/07)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)
☑ Jury  ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
☑ Yes  ☐ No

8. Did you appeal from the judgment of conviction?
☑ Yes  ☐ No

9. If you did appeal, answer the following:
(a) Name of court: Commonwealth of Kentucky Court of Appeals
(b) Docket or case number (if you know): No. 2020-CA-0243-MR
(c) Result: Convictions affirmed by Courts
(d) Date of result (if you know): May 17th 2021
(e) Citation to the case (if you know): N/A
(f) Grounds raised:

1. The trial Courts erroneous jury instructions on "trafficking" and "transfer" require a new trial.
2. The Commonwealth's closing argument and cross-examination are so fraught with error that a new trial is required.
3. Commonwealth resorted to name calling and treated defendant with derision
4. Commonwealth referenced facts not in evidence in violation of Confrontation Clause
5. Commonwealth improperly introduced KRE 404(b) evidence
6. The Commonwealth's strike, and comment violated Batson

(g) Did you seek further review by a higher state court?  ☑ Yes  ☐ No

If yes, answer the following:
(1) Name of court: Supreme Court of Kentucky
(2) Docket or case number (if you know): 2021-SC-0199-D
(3) Result: Discretionary Review Denied

(4) Date of result (if you know): August 18, 2021

AO 241 (Rev. 10/07)

Page 4

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court? ☑ Yes ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): 2021-SC-0199-D

(2) Result: Discretionary Review Denied

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)
(1) Name of court: Christian County Circuit Court

(2) Docket or case number (if you know): 18-CR-00324 / 19-CR-00298

(3) Date of filing (if you know): January 9th, 2023

(4) Nature of the proceeding: Motion to Vacate Judgement Pursuant to RCr 11.42

(5) Grounds raised:
1. Public Defender Sandborn incriminated Client
2. Public Defender Sanborn intentionally left all arguments unpreserved for the record.
3. Public Defender Sanborn failed to iniciate a Batson analyis by objecting
4. Public Defender Sanborn failed to object to Jury being instructed incorrectly
5. Public Defender Sanborn failed to object to the prosecution improperly introducing K.R.E. 404(b) evidence
6. Public Defender Sanborn failed to object to wrongfully entered suprise evidence presented by Commonwealth attorney Rick Boiling
7. Public Defender Sanborn failed to invesigate mitigating evidence out of neglect
8. Public Defender Sanborn failed to invesigate vindictiveness by Commonwealth attorney Rick Boiling
9. Public Defender Rick Sanborn actions and statements were in direct conflict with his duty to represent Client

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes ☑ No

(7) Result:

(8) Date of result (if you know):

AO 241
(Rev. 10/07)

Page 3

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Commonwealth Court of Appeals

(2) Docket or case number (if you know): 2023-CA-0084-ME

(3) Date of filing (if you know): January 9, 2023

(4) Nature of the proceeding: Motion to Proceed in Forma Pauporis Appeal

(5) Grounds raised: That I am a indigant inmate, and that I should have been allowed to proceed in Forma Pauporis in reguards to my 11.42 Motion to Vacate. Because I cannot afford to pay $350.00 for each case.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241 (Rev. 10-07)                                                                 Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☑ Yes    ☐ No
(2) Second petition:   ☑ Yes    ☐ No
(3) Third petition:    ☑ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: The Trial Courts erroneous instruction on "trafficking and transfer" require a new trial. A violation of Defendants 5th and 14th Amendment Rights of the Federal Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The jury was instructed on trafficking in a controlled substance in the first degree and the lesser-included charge of possession of a controlled substance. The jury was instructed that "traffic included" transfer" of a controlled substance, and, contrary to KRS 218A.010(57), that "transfer" was defined as to give a controlled substance to another person without payment or consideration or to recieve a controlled substance from another person. The closing argument given by Boiling is the subject of a prosecutorial misconduct argument. During deliberations the jury returned to the courtroom with a confusing question about the definitions of transfer. The Court could not answer their question, and the jury found Defendant Harris guilty of first degree, first-offense trafficking in a controlled substance.

(b) If you did not exhaust your state remedies on Ground One, explain why:

16

AO 241 (Rev. 10/07)
Page 7

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 11.42 motion to Vacate

Name and location of the court where the motion or petition was filed: Christian County Circuit Court

Docket or case number (if you know): 18-CR-324 / 19-CR-278

Date of the court's decision: October, 10th, 2022

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Kentucky Court of Appeals - 360 Democrat Drive, Frankfort, KY 40601

Docket or case number (if you know): 2023-CA-0084-ME

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 10/07)

Page 8

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

GROUND TWO: The commonwealth's closing arguments and cross examination of Defendant are so fraught with error that it violated Defendant 6th Amendment Rights of the United States constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

During closing arguments and cross-examination the Commonwealth Attorney Rick Boiling used improper or illegal acts attempting to persuade the jury to wrongly convict Defendant and inflict unjustified harsher punishment. Rick Boiling didn't stick to the facts in evidence. But gave the jury improper jury instructions and definitions, as well as cast doubt to Defendants credibility. But not through controverting the evidence with his testimony. But through name calling, and making the jury aware of Defendants prior drug charges, which are all acts of Prosecutorial misconduct.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) Direct Appeal of Ground Two:
(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No
(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? ☑ Yes ☐ No
(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: RCr 11.42
Name and location of the court where the motion or petition was filed: Christian County Circuit Court.
Docket or case number (if you know): 18-CR-324 / 19-CR-278
Date of the court's decision: October 10th 2022

18

%AO 241
(Rev. 10/07)

Page 9

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No
(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Kentucky Court of Appeals 360 Democrat Drive, Frankfort, KY 40601

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

**GROUND THREE:** Commonwealth referenced facts not in evidence in violation of Confrontation Clause. A violation of Defendants 6th Amendment Right of the United States Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Officer Bond was the only officer mentioned as having any involvement in this case. However during trial officer Bond was allowed to watch, in a disclosed location Body cam footage of other officers that were in fact present during the time that this incident took place. Officer Bond was allowed to watch this body cam footage of multiple officers and give a testimony about what he had seen and herd. However this evidence was never admitted into discovery, nor seen or herd by Defendant nor counsel. Nor has it ever been, nor was the jury allowed to view this footage.

AO 241
(Rev. 10/07)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rcr. 11.42

Name and location of the court where the motion or petition was filed: Christian County Circuit Court

Docket or case number (if you know): 18-CR-324 / 19-CR-278

Date of the court's decision: October 10th 2022

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No
(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Kentucky Court of Appeals 360 Democrat Drive, Frankfort, KY 40601

Docket or case number (if you know): 2023-CA-0084.ME

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 10/07)

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

GROUND FOUR: Common wealth improperly introduced KRE 404(b) evidence violating Defendants 5th, 6th and 14th Amendment Rights of the United States Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

During cross-examination of Defendant Commonwealth Attorney Rick Boiling asked Defendant Harris "When was the last time that you sold drugs." Mr. Harris acknowledged that he was convicted of drug trafficking about 5 years ago. Rick Boiling retorted, "Selling aint your new trick, is it?" before being warned by the Judge to stop this line of questioning. Generally evidence of crimes other than those for which he or she is on trial is inadmissible at trial, because of the significant risk of undue prejudice. Denying a Defendant the right to a fair trial. Because the jury has already passed judgment based on passed acts, and Not on factual evidence presented at trial.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: RCr. 11.42

AO 241 (Rev. 10/07)                                                                                           Page 12

Name and location of the court where the motion or petition was filed: Christian County Circuit Court

Docket or case number (if you know): 18-CR-324 / 19-CR-278

Date of the court's decision: October 10th, 2022

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No
(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Kentucky Court of Appeals 360 Democrat Drive, Frankfort, KY 40601

Docket or case number (if you know): 2023-CA-0084-ME

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

22

AO 241
(Rev. 10/07)
Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Adam Beasly

(b) At arraignment and plea: Adam Beasly - Rick Sanborn

(c) At trial: Rick Sanborn

(d) At sentencing: Rick Sanborn

(e) On appeal: Jennifer Wade / Molly Mattingly

(f) In any post-conviction proceeding: Brandon Harris - in Pro'se

(g) On appeal from any ruling against you in a post-conviction proceeding: Brandon Harris in Pro'se

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ☐ Yes  ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☐ Yes  ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

My Petition is not barred by 28 U.S.C. 1§ 2244(d) because although my conviction became final ove a year ago. I continued to exhaust my state remedies, through post convictions that didn't become final untill March, 2023. when the Kentucky Court of Appeals denied my appeal to proceed in pro'se, although I could not afford an attorney.

24

AO 241 (Rev. 10/07)

Page 16

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: To Vacate Petitioner's current 15 year sentance, and grant a new trial

or any other relief to which petitioner may be entitled N/A at this time

_____N/A_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __8-17-2023__ (month, date, year).

Executed (signed) on __8-17-2023__ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

26

Brandon Harris #150265
E.K.C.C.
200 Road to Justice
West Liberty, KY 41472

U.S. MAILED AUG 17 2023

FILED
JAMES J. VILT, JR. - CLERK
AUG 21 2023
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

Office of the Clerk
Western District of Kentucky
601 W. Broadway, Rm 106
Gene Snyder United States Courthouse
Louisville, KY 40202

EKCC LEGAL MAIL

MAILED AUG 17 2023